IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS H. BREWBAKER,**

        **Petitioner,**

v.                                                                  **Case No. 2:06-cv-16**
                                                                           **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On February 7, 2006, the *pro se* petitioner filed a Motion to Defer Restitution Payments During Term of Supervised Release, Instead of During Imprisonment. In the motion, the petitioner asserts that the sentencing court improperly delegated the payment of his restitution to the Bureau of Prisons ["BOP"]. On May 1, 2006, the respondent filed a response in the form of a Motion to Dismiss. Petitioner filed objections to the respondent's motion on May 9, 2006. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 83.01, et seq., is ripe for review.

## I. The Petition

In his motion, the petitioner asserts that he was sentenced on September 5, 2000, by the Honorable W. Earl Britt, United States District Judge, to a term of imprisonment and an Order of restitution. Petitioner asserts that his Judgment and Commitment Order ["J&C"] contains no payment schedule for his Court ordered restitution. Instead, petitioner asserts that his J&C states that if the judgment imposes a period of imprisonment, payment of his monetary penalties shall be made during his period of incarceration. Thus, petitioner argues that the Court improperly relinquished the power to schedule restitution payments to the BOP. Accordingly, petitioner

requests that all future restitution payments, especially those required through the Inmate Financial Responsibility Program ["IFRP"], be stopped immediately and that petitioner be placed in "no obligation status." Furthermore, petitioner requests that this Court devise a plan for the payment of his restitution that commences after his release from custody.

## II. The Respondent's Response

In response to the petitioner's motion, the respondent asserts that petitioner's J&C Order sets forth the amount and time of payment of his restitution.[1] Therefore, under the applicable caselaw, the respondent argues that the district court did not improperly delegate payment of petitioners' restitution to the BOP. Moreover, to the extent that petitioner challenges the BOP's IFRP program, the respondent argues that the IFRP is a valid exercise of the BOP's authority. Thus, the respondent seeks the dismissal of the petitioner's motion.

## III. The Petitioner's Objections

In his objections to the respondent's motion, petitioner asserts, nonspecifically, that the respondent's motion is meritless and does not warrant further discussion. However, petitioner raises two points in response:

(1) that if the Court agrees that his J&C Order properly establishes the amount and time of payment, then the time of payment, "due immediately," is vague because the Court had to know that petitioner could not pay the restitution amount immediately and that the BOP would then be required to set up a payment schedule.

(2) the J&C nullifies the right of the BOP to collect restitution payments through the

---

[1] As shown in the J&C Order which is a part of the record in the underlying case. In that Order, the district court directed petitioner to pay $18, 933 in restitution, due immediately.

2

IFRP because the J&C specifically says that payment to whom the payments should be made.

## IV. Standard of Review

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

## V. Analysis

In United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995), the Fourth Circuit Court of Appeals held that setting the amount and timing of restitution payments "is a nondelegable, core judicial function." Therefore, "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996).[2] However, pursuant to 18 U.S.C. § 3664, the district court is not required to establish a payment plan and set the amount of installments. Instead, a district court has the authority to order a defendant to make "a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified

---

[2] In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." Therefore, the Fourth Circuit determined that the district court had improperly delegated its authority to set a payment schedule to the BOP. Consequently, the Fourth Circuit vacated the portion of Miller's sentence regarding the fine and restitution.

intervals . . ." 18 U.S.C. § 3664(f)(3)(A).

Here, the sentencing court ordered that petitioner pay a specific amount of restitution ($18, 933), due immediately. Clearly the sentencing court set the amount and timing of petitioners' restitution in its J&C Order and ordering that the fine be paid in full immediately does not constitute an improper delegation of the payment schedule to the BOP. See McGhee v. Clark, 166 F. 3d 884 (7th Cir. 1999); see also Pleasants v. Dewalt, 2003 WL 23350442, *1 (E.D.N.C.2003), *aff'd* 73 Fed. Appx. 638, 2003 WL 22072699 (The sentencing court did not improperly delegate the determination of a payment schedule by ordering a lump sum payment of the fine due immediately. The court elected not to establish a schedule, but required immediate payment as authorized in 18 U.S.C. § 3572(d)(1)); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006) (internal quotations omitted) (finding that "a sentencing court's order that a fine due to be paid immediately is not an improper delegation of authority to the BOP, and the resultant payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order").

Furthermore, where a fine is ordered due immediately, the BOP has the discretion to place the prisoner in a IFRP plan. Matheny v. Morrison, 307 F. 3d 709 (8th Cir. 2002).[3] "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have consequences, see 28 C.F.R. § 545.11(d),

---

[3] The IFRP was enacted to assist inmates "to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities." Id.

4

compelled participation is neither punitive in nature nor does it violate due process. Johnpoll at 851 (the IFRP is reasonably related to the legitimate government objective of rehabilitation). Moreover, the IFRP has been "uniformly upheld against constitutional attack. McGhee v. Clark, 166 F. 3d at 886.

## VI.  Recommendation

For the foregoing reasons, the petitioner's allegation that the sentencing court improperly delegated its authority to set the amount and timing of his restitution payment to the BOP is without merit.[4]  Thus, it is the recommendation of the undersigned that the respondent's Motion to Dismiss (Dckt. #5) be GRANTED and the petitioner's Motion to Defer Restitution Payments (Dckt. #1) be DENIED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

---

[4]  In addition, I note that the petitioner's objections are also without merit.  The phrase "due immediately" is not the least bit vague and the fact that petitioner does not have the money to pay the entire amount at that time does not make it so.  Moreover, the fact that petitioner's J&C Order states the name of the specific parties to whom payment is to be made does not nullify the BOP's authority to collect payments under the IFRP.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record.

DATED: May 25, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE